_____ FILED         _____ ENTERED
_____ LOGGED        _____ RECEIVED

JAN 21 2015

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| | * Case No. 14-mj-59 |
| v. | * |
| | * |
| WILLIAM J. FISHER, | * |
| | * |
| Defendant | * |

************

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's motion to expunge his criminal record. ECF No. 10. The Government filed no opposition to the motion for expungement. No hearing is necessary. L.R. 105.6.

Defendant seeks expungement of an arrest record following dismissal of this case. Because there is no applicable statute providing for expungement in a case such as this one, the only available jurisdictional basis is the doctrine of ancillary jurisdiction. *United States v. McKnight*, __ F. Supp. 3d __, No. 07-MJ-1218-SKG, 2014 WL 3513389, at *2 (D. Md. July 11, 2014).

> [F]ederal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of claims that are factually interdependent; and (2) "to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees."

*Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)). "[E]xpungement of an arrest record is more akin to, for example, modification or revocation of supervised release." *Id.* at *4. "Accordingly, the Court finds that the exercise of ancillary

jurisdiction in the circumstances of this case falls within the second circumstance identified in *Kokkonen*." *Id.* "The authority to order expungement here is a logical and not unlawful extension of the court's authority to manage its proceedings, vindicate its authority, and (in particular) effectuate its decrees." *Id.* (footnote omitted).

Moreover, grounds for expungement exist here. *See id.* Federal courts may only grant expungement where a federal statute expressly permits expungement or where the court determines that extreme or exceptional circumstances warrant the exercise of its equitable power to order this type of relief. *Id.* Equitable circumstances may exist in cases where the underlying arrest or conviction was unlawful and/or unconstitutional; government misconduct is alleged; the statute on which the arrest was based is subsequently found unconstitutional; or where a defendant has been denied a security clearance, specific job opportunities, or has otherwise been materially harmed by the presence of criminal records. *Id.* at *5. The Court finds that extreme or exceptional circumstances warrant the expungement of Defendant's arrest record and charge, as the Government has filed no opposition to Defendant's Motion and the employment disadvantage of an arrest record weighs heavily in favor of expungement. *See id.* at *7-8.

Accordingly, for the reasons stated above and in order to restore Defendant to the status he occupied before his arrest and the institution of criminal proceedings, Defendant's Motion to Expunge (ECF No. 10) is **GRANTED**. The Clerk of Court is directed to expunge from all official records all references to Defendant's arrest for the offense, the institution of criminal proceedings against Defendant, and the results thereof in 14-mj-59-TMD.

Date: January 21, 2015                           /s/
                                                               Thomas M. DiGirolamo
                                                                United States Magistrate Judge